JOHN BASSETT, ADMINISTRATOR OF THE ESTATE OF MARY
ANDREWS, DECEASED, v. EDGAR O. DURFEE,
JUDGE OF PROBATE.

*Estates of deceased persons—Will—Election by guardian of widow
—Mandamus.*

A *mandamus* to compel respondent to enter an order as of the
date of filing an election by the guardian of a testator's widow
to take under the statute, instead of the will of her deceased
husband, she being at the time a mentally incompetent person,
setting forth the proceedings had before respondent, and sanc-
tioning, consenting to, and ratifying the filing of said election,
is denied, the findings of fact made on the hearing and denial
of the petition for said order showing that the election was
drawn by the register of respondent's court, and signed and
filed by the guardian after consultation with the court, and
with its knowledge and consent, but not by its order or direc-
tion; which findings are held a sufficient record to show that
the election was made and filed with the knowledge and con-
sent of the probate court, and to have the like effect as if
made when the election was filed.

*Mandamus.* Submitted June 20, 1891. Denied July
28, 1891.

Relator applied for *mandamus* to compel respondent to
enter an order *nunc pro tunc.* The facts are stated in
the opinion.

*Conely, Maybury & Lucking,* for relator.

*Sidney T. Miller* (*John H. Bissell,* of counsel), for
respondent.

CHAMPLIN, C. J. Stephen Andrews died July 26, 1889,
leaving an estate to be administered in the county of
Wayne, valued at $17,255.65, of which $13,855.65 was

personal property. He left him surviving a wife, named Mary Andrews, who had been incompetent mentally and sick for four years before his death. She had been under guardianship on his petition, and so remained until her death, which took place December 11, 1890. They had no children. He left a will providing that she should first be cared for out of her own estate; then, if anything was needed, out of his estate; then all personal property to go to certain relatives of his. Her estate in the hands of her guardian amounted to about $3,200. She was 83 years old at the time the will was made, sick, infirm, and utterly incompetent. Had Stephen Andrews died intestate, she would have been entitled under the statute to about $7,000 of his personal estate, but, a will existing, it was necessary for her to make an election if she desired to take under the statute. How. Stat. §§ 5824, 5825. She was incompetent personally to make the election.

During the life-time of Stephen Andrews he petitioned the probate court for the appointment of a guardian over his wife, Mary Andrews, and upon such petition Lawrence W. Simmons was appointed such guardian. Andrews also named Lawrence W. Simmons as executor of his last will, which was probated September 3, 1889, and he, as such guardian, acting in the matter of the estate of Mary Andrews, did on the 13th day of November, 1889, file an election in the matter of the estate of Stephen Andrews, deceased, as follows:

"State of Michigan, ⎱ ss.
    County of Wayne. ⎰

"In the Matter of the Estate of Stephen Andrews, Deceased:

"To Edgar O. Durfee, judge of probate for said county: "I, Lawrence W. Simmons, the guardian of Mary Andrews, a mentally incompetent person, and the widow of said deceased, do hereby, in her behalf, waive the

provisions made for her in and by the last will and testament of said deceased, and elect for her to take her share of the estate of said deceased provided by statute.

"Dated November 13, 1889.

"LAWRENCE W. SIMMONS,
"Guardian for Mary Andrews."

Thereupon the election was filed upon the same day, in the said court, in the matter of the estate of Stephen Andrews, deceased. After the expiration of a year from the probate of the will, it was claimed that this election was of no effect; that the act of election is personal, and can be exercised by no one where the widow is incompetent; and, on an application made by the widow through her guardian to distribute the estate, the court so held, and refused to award any portion to the widow or her representatives. This order of denial was made December 1, 1890. The widow died December 11, 1890. An appeal has been taken from this denial by the widow's representatives to the circuit court. The probate court has made a formal order of distribution, dated January 25, 1891, and from this order the administrator of Mary Andrews has appealed to the circuit court.

In February, 1891, the administrator of Mary Andrews petitioned the probate court for an order to be entered in Stephen Andrews' estate *nunc pro tunc* as of November 13, 1889, confirming and allowing the election which Mary Andrews' guardian had tried to make. A hearing was had upon this petition, and it was denied by the court by the following findings of fact and order made thereon, viz.:

"STATE OF MICHIGAN, }
County of Wayne. } *ss.*

"At a session of the probate court for said county of Wayne, held at the probate office in the city of Detroit on the seventeenth day of March, in the year of our Lord one thousand eight hundred and ninety-one.

"Present, Edgar O. Durfee, Judge of Probate.

"In the matter of the estate of Mary Andrews, a mentally incompetent person.

"John Bassett, administrator of the estate of said Mary Andrews, now deceased, having petitioned this court for an order ratifying, confirming, and approving the act of Lawrence W. Simmons, guardian of said Mary Andrews, for and in behalf of his said ward, waiving the provision made for her in the last will of her late husband, Stephen Andrews, and electing to take such share of his estate as the statutes of this State provide in cases of such waiver and election; and said petition having been heard and submitted on the 12th of March instant, A. H. Wilkinson and Alfred Lucking appearing for said petitioner, Sidney T. Miller appearing for certain residuary legatees of said Stephen Andrews in opposition thereto, and said Lawrence W. Simmons appearing in person.

"The court finds that on the 13th day of November, 1889, said guardian asked the court what he should do as such guardian in the matter of electing for her to take under said will, or under the statute; that he then made known to the court the value of the estate of said Stephen Andrews, and the age of said widow, and the value of her estate; and that the terms of said will, and the fact that said guardian was also executor of said will, were then considered and discussed by the court and said guardian; that the court advised said guardian that he, as guardian, should act as though not such executor, and should as guardian do as he would were he such widow, and possessed of mental capacity to act in the premises; that, receiving such advice, said guardian declared in open court that he would elect for said ward to take under the statute, and such election was then drawn by the register of this court, and signed by said guardian, and filed; that such election by said guardian, and the drafting thereof by the register, were made with the knowledge and consent of this court, but were not so made by its order and direction. Considering these findings, this court refuses to make the order prayed for, and said petition is hereby denied.

"EDGAR O. DURFEE, Judge of Probate."

The administrator of Mary Andrews' estate then filed

a petition in this Court asking for a *mandamus* against Judge Durfee,—

"Commanding and directing him to enter an order in the matter of the estate of Mary Andrews, an incompetent, *nunc pro tunc* as of the 13th of November, 1889, setting forth and reciting substantially the proceedings had before said court on that day, and sanctioning, consenting to, and ratifying the filing of the said election by the said guardian, or such other form of order as the premises will warrant."

We shall not discuss nor decide the merits of the controversy, as to whether the election made by the guardian was valid and effective, at this time, nor shall we direct the judge of probate to enter an order *nunc pro tunc* as prayed for in said petition.

We think the findings made by the probate judge March 17, 1891, upon which he denied the petition (which findings and order are above set forth), is a sufficient record showing that the election filed by the guardian was so made and filed with the knowledge and consent of the probate court, and that it has the same legal effect as if such record had been made at the time such election was filed. Consequently the *mandamus* will be denied, without costs.

The other Justices concurred.